IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIN RUDICK, | : | CIVIL ACTION NO.: |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| NEW YORK LIFE INSURANCE | : | **JURY TRIAL DEMANDED** |
| COMPANY, | : | |
| *Defendant.* | : | |

### COMPLAINT AND JURY DEMAND

**I.  PRELIMINARY STATEMENT:**

1. This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Erin Rudick ("Plaintiff Rudick"), a former employee of Defendant, New York Life Insurance Company, who has been harmed by the Defendant's discriminatory and retaliatory actions.

2. This action is brought under Title VII of the Civil Rights Act of 1964, ("Title VII"), 42 U.S.C. §2000 (e), et seq., as amended by the Civil Rights Act of 1991 at 42 U.S.C. §1981(a) and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

**II.  JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is in this district, pursuant to 28 U.S.C. §§1331 and 1391, and the claims are substantively based on Title VII.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Rudick's claims arising under the PHRA.

5. All conditions precedent to this suit have been fulfilled. On December 5, 2006, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

6. Plaintiff Rudick has satisfied all other jurisdictional prerequisites to the maintenance of this action.

### III.  PARTIES:

7. Plaintiff, Erin Rudick ("Plaintiff Rudick"), is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 2607 Welsh Road, Apt. B-202, Philadelphia, Pennsylvania 19114.

8. Defendant, New York Life Insurance Company ("Defendant"), upon information and belief, is a corporation duly organized and existing under the laws of the State of New York, maintaining a place of business located at 101 Gibraltar Road, Suite 150, Horsham, Pennsylvania 19044.

9. At all times relevant hereto, the Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

**IV.    STATEMENT OF CLAIMS:**

10.    Plaintiff Rudick was employed by the Defendant from on or about January 7, 2004, until on or about May 11, 2004, the date of her unlawful termination.

11.    During the course of her employment, Plaintiff Rudick held the position of Agent and at all times maintained a satisfactory job performance rating in said capacity.

12.    Shortly after commencing employment with the Defendant, John Fracco ("Fracco"), Agent, began subjecting Plaintiff Rudick to numerous instances of uninvited and unwanted sexually-offensive remarks and conduct.

13.    By way of example, Fracco continuously touched Plaintiff Rudick's body in a sexually-offensive manner.

14.    By way of further example, Fracco repeatedly told Plaintiff Rudick that he was sexually attracted to her.

15.    Furthermore, Fracco telephoned Plaintiff Rudick on numerous occasions in an attempt to engage in sexual dialogue, including asking Plaintiff Rudick questions regarding the color of her underwear and whether she engaged in oral sex.

16.    On one occasion, Fracco attempted to lift Plaintiff Rudick's skirt while at the workplace.

17.    Plaintiff Rudick opposed Fracco's sexually-offensive remarks and actions at all times.

18.    Moreover, at the completion of the workday, Fracco occasionally stalked

Plaintiff Rudick to her car, entered her car without her permission and refused to exit. On each such occasion, Plaintiff Rudick informed Fracco that she was uncomfortable and that his sexual advances were unwanted. However, Fracco refused to cease and desist.

19. In or about early May of 2004, Plaintiff Rudick registered a complaint of sexual harassment with Romany Abraham ("Abraham"), Managing Partner. However, Abraham failed to take any corrective action.

20. On or about May 11, 2004, in retaliation for registering said complaint of sexual harassment, Abraham terminated Plaintiff Rudick's position of employment, allegedly due to poor performance and her inability to meet the Defendant's "company standard guidelines."

21. Plaintiff Rudick believes and avers that the stated reasons for her termination were pretextual and that her employment was terminated in retaliation for opposing said sexual harassment in the workplace.

**COUNT I**
**(Title VII - *Sexual Harassment, Hostile Work Environment, Retaliation*)**
**Plaintiff Rudick v. the Defendant**

22. Plaintiff Rudick hereby incorporates by reference paragraphs 1 through 21 inclusive contained in the foregoing Complaint as though fully set forth herein.

23. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Rudick to harassment based on her sex, in subjecting Plaintiff Rudick to a hostile work environment on the basis of her sex and in discharging Plaintiff Rudick

from her position of employment in retaliation for opposing said sexual harassment, constituted violations of Title VII.

24. As a direct result of the aforesaid unlawful employment practices engaged in by the Defendant, in violation of Title VII, Plaintiff Rudick sustained permanent and irreparable harm, causing her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

25. As a further direct result of the aforesaid unlawful practices engaged in by the Defendant in violation of Title VII, Plaintiff Rudick suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
**(PHRA - *Sexual Harassment, Hostile Work Environment, Retaliation*)**
**Plaintiff Rudick v. the Defendant**

26. Plaintiff Rudick hereby incorporates by reference paragraphs 1 through 25 inclusive contained in the foregoing Complaint as though fully set forth herein.

27. The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Rudick to harassment based on her sex, in subjecting Plaintiff Rudick to a hostile work environment on the basis of her sex and in discharging Plaintiff Rudick from her position of employment in retaliation for opposing said sexual harassment, constituted violations of the PHRA.

28. As a direct result of the aforesaid unlawful employment practices engaged

in by the Defendant, in violation of the PHRA, Plaintiff Rudick sustained permanent and irreparable harm, causing her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

29. As a further direct result of the aforesaid unlawful practices engaged in by the Defendant in violation of the PHRA, Plaintiff Rudick suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

30. Plaintiff Rudick hereby incorporates by reference paragraphs 1 through 29 inclusive contained in the foregoing Complaint as though fully set forth herein.

**WHEREFORE**, Plaintiff Rudick requests that this Court enter judgment in her favor and against the Defendant and Order that:

a. Defendant compensate Plaintiff Rudick with a rate of pay and other benefits and emoluments of employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

b. Defendant compensate Plaintiff Rudick with an award of front pay, if appropriate;

c. Defendant pay Plaintiff Rudick punitive and liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other nonpecuniary losses as allowable;

d.   Defendant pay to Plaintiff Rudick pre and post judgment interest, cost of suit and attorney and expert witness fees as allowed by law;

e.   The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Rudick demands trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By:
/s/Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
Attorney I.D. #: 21374
TRACI M. GREENBERG, ESQUIRE
Attorney I.D. #86396
KERRY MALLOY SNYDER, ESQUIRE
Attorney I.D. #201412
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

Dated:    February 26, 2007